## Paul Sears & others *vs.* Rufus Wills.

A claim against the insolvent estate of a deceased person is not "contingent," within the meaning of Gen. Sts. c. 99, §§ 5, 6, if it may be proved at any time; although the holder of it erroneously believes that he has a valid lien as security therefor, which must be relinquished before proof of the claim can be made.

Appeal from the decision of the judge of probate, dismissing a petition for leave to prove a claim against the insolvent estate of Augustine Wills, deceased.

The claim was for the balance due upon a charter of the ship Bold Hunter, owned by the petitioners; and it was agreed that the petitioners, believing that they had a lien for the amount, filed a libel in admiralty against a portion of the goods, after the estate of Augustine Wills had been rendered insolvent, which libel was afterwards, and within four years from the date of the bond of the respondent as administrator, dismissed. Pending the suit in admiralty, the petitioners commenced a suit in equity in this court, founded upon the same facts, in which judgment was rendered for the defendant. See 4 Allen, 212, where the facts are stated in detail. The petitioners alleged that if they had a lien upon the goods for the freight, they would have had no claim against the estate of Augustine Wills which could be proved before the commissioners; but, when it was decided that no such lien existed, then they became entitled to prove the balance due to them.

The case was reserved by the chief justice for the determina-tion of the whole court.

*F. C. Loring*, for the petitioners.

*C. P. Curtis, Jr.*, for creditors of the estate of Augustine Wills.

HOAR, J. No such "contingent claim" as the statute con-templates is set forth in the petition; and we think the case is settled by the principle of the decisions in *Cummings* v. *Thomp-son*, 7 Met. 132, and *Kilbourne's case*, 16 Gray, . The debt which the appellant now asks to be allowed to prove was due when administration was taken on the estate. It was due abso-lutely, and could have been proved at any time. The only re-semblance to a contingency affecting it seems to be this, that the appellant thought he had a lien as security for the debt, which he did not have; and, if he had been entitled to such a lien, he could not have proved his debt without relinquishing the lien. The "contingency" would thus be, whether he could establish a claim which has been judicially determined to be without foundation; or, in other words, whether a mistaken opinion of his might not have turned out to be correct. The decree of the judge of probate, dismissing the petition, was clearly right. *Decree affirmed.*